IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-3329

GLOBAL BROTHER SRL, a
Romanian Societate cu Raspundere Limitata,

Plaintiff,

v.

QUILL & INK INC., a Colorado corporation,
and POOJA SHARMA, an individual,

Defendants.
_____

**COMPLAINT**
_____

Plaintiff GLOBAL BROTHER SRL, by and through counsel, files this Complaint against Defendants QUILL & INK INC., a Colorado corporation, and POOJA SHARMA, an individual.

**NATURE OF THE ACTION**

1. This is a civil action for claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., the Lanham Act, 15 U.S.C. §§ 1051 et seq., and for associated intellectual property and business violations under federal and Colorado law. This action is to address, among other things, the unauthorized reproduction, distribution, advertising, use, and display of Plaintiff's protected works online, and conduct subject to the Digital Millennium Copyright Act (**DMCA**).

2. Plaintiff is a worldwide publisher of popular books directed to health and wellness, self-reliance, and survival skills (collectively, the "**Plaintiff's Works**"). It has invested substantial resources in creating, distributing, advertising, and protecting these books, their contents, and

1

properties thereof pursuant to the protections granted by U.S. copyright, trade dress, trademark, and related intellectual property rights.

3. Defendant QUILL & INK INC., acting through the direction of its owner and alternate ego, Pooja Sharma, without authorization or license, engaged in the unauthorized reproduction, distribution, advertising, use, modification, and display of Plaintiff's Works, including through the online marketplace Amazon. Among other things, Defendants changed book covers to avoid detection while retaining identical or substantially identical content, constituting willful copying and substantial taking. Such acts misrepresent source, misappropriate Plaintiff's rights, and deceive consumers in this District, causing confusion and financial and reputational harm to Plaintiff and Plaintiff's Works.

4. Through this action, Plaintiff seeks to protect its exclusive rights and to prevent further harm caused by Defendants. Plaintiff seeks injunctive relief, statutory damages, treble damages, actual damages, attorneys' fees, and other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the action under 28 U.S.C. § 1331, as the claims arise under the Constitution, laws, or treaties of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 *et seq.*) and the Lanham Act (15 U.S.C. § 1051 *et seq.*), as well as the Digital Millennium Copyright Act (17 U.S.C. § 512).

6. This Court has original and exclusive jurisdiction over the claims arising under federal copyright and trademark law under 28 U.S.C. § 1338(a), which grants original jurisdiction to federal district courts for all civil actions arising under any Act of Congress relating to copyrights, trademarks, or unfair competition and extends to claims for misrepresentation and

counter-notice liability under 17 U.S.C. § 512(f) and related claims for deceptive trade practices and unfair competition as alleged herein.

7.  This Court also has jurisdiction under 15 U.S.C. § 1121, which provides that the district and territorial courts of the United States shall have original jurisdiction over all actions arising under the Lanham Act and concurrent jurisdiction over claims for false designation of origin and unfair competition.

8.  This Court additionally has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.  Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside and conduct business in this District, and a substantial part of the infringing acts occurred in this District.

10. Defendants are subject to this Court's personal jurisdiction because they are located in this District and because, pursuant to the DMCA Counter-Notice, Defendants have expressly consented to jurisdiction consistent with 17 U.S.C § 512(g) and have purposefully availed themselves of this District through their conduct described herein.

**PARTIES**

11. Plaintiff Global Brother SRL is a Societate cu Raspundere Limitata (SRL) organized and existing under the laws of Romania, with its principal place of business located at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania. The Plaintiff is engaged in the business of creating, publishing, selling, distributing, and advertising books in the United States and internationally, see e.g., https://www.globalbrother.com/. Plaintiff owns and holds all rights,

3

title, and interest in and to the intellectual property associated with said Plaintiff's Works.

12. Defendant QUILL & INK INC. is a Colorado corporation, registered and having a principal place of business / mailing address at 2525 Arapahoe Avenue, Suite E4 #1079, Boulder, Colorado 80302. Defendant QUILL & INK INC. operates online storefronts through Amazon and related e-commerce channels, where it advertises and sells infringing copies of Plaintiff's Works, including the titles identified in this Complaint (Exhibit A, Colorado Secretary of State record).

13. Defendant POOJA SHARMA is an individual, sole owner and/or controller of Defendant QUILL & INK INC., who conducts business as "Quill & Ink" and variations thereof, indiscriminately, at 2525 Arapahoe Avenue, Suite E4 #1079, Boulder, Colorado 80302. Defendant POOJA SHARMA operates online storefronts through Amazon and related e-commerce channels where, as self or QUILL & INK INC., advertises and sells infringing copies of Plaintiff's Works, including the titles identified in this Complaint.

14. Defendants' acts infringing Plaintiff's Works include altering titles and covers to avoid detection and or conceal infringement, and also filing fraudulent and void US Trademark applications at the USPTO—that implicate Plaintiff's Works. QUILL & INK INC. and POOJA SHARMA do not act independently, but as alternate egos.

**FACTUAL BACKGROUND**

15. Plaintiff is the exclusive owner of all rights, title, and interest in and to the intellectual property rights to Plaintiffs' Works, including its books, titles and materials thereon, as evidenced by its registered copyrights, common law trademark rights, registered trademarks and distinctive trade dress on and in association with Plaintiff's Works, including images, texts and designs as more particularly identified as the following (the "**Asserted Works**"):

4

      A.      HOLISTIC GUIDE TO WELLNESS
      B.      THE FORGOTTEN HOME APOTHECARY

16. TRADEMARK TRADE DRESS RIGHTS: Plaintiff has acquired common law trademark rights in the title and cover in the Asserted Work "Holistic Guide to Wellness" through continuous and extensive use in commerce, resulting in strong consumer recognition.

17. Plaintiff's trademark and dress in "Holistic Guide to Wellness" includes the distinctive design comprising titles, layout, font style, color scheme, and associated imagery, which is inherently distinctive and/or has acquired secondary meaning in the marketplace, signifying to consumers that the origin is from Plaintiff, which work comprises:

a cover that has a green background with gold ornamental borders and design elements. At the top, there is a decorative gold-bordered banner containing the book title, written in large, bold, gold serif font. Above the title, there is a green icon featuring three leaves. The cover is divided into multiple sections. Below the title, there is a central image of a stylized human figure in gold with internal leaf-like illustrations overlaid on the body, symbolizing holistic wellness and natural healing. Surrounding this central figure, four photographic images are arranged in a grid format: The top left image shows a glass jar filled with a golden liquid, possibly an herbal tincture or infused oil; The top right image depicts a close-up of a hand holding small, round, reddish-brown fruits or seeds, with green foliage in the background; The bottom left image presents green medicinal plants growing in a natural setting; and, The bottom right image displays three glass jars containing different dried herbs or botanical materials. The lower section of the cover contains the subtitle "Herbal Protocols for Common Ailments", written in gold serif font, followed by the author's name, Nicole Apelian, Ph.D.", also in gold, as in the following:



18.     As of October 17, 2025, "Holistic Guide to Wellness" has achieved a 4.6 on Goodreads:

> The Holistic Guide to Wellness : Herbal Protocols for Common Ailments Paperback – March 20, 2023
> by Nicole Apelian (Author)
> 4.7 ★★★★☆ (2,997)    4.6 on Goodreads 118 ratings

https://www.amazon.com/Holistic-Guide-Wellness-Protocols-Ailments/dp/B0CJ6BGDDJ.)

19.     Plaintiff owns U.S. Copyright Registrations for "Holistic Guide to Wellness", including the text, artwork, and cover design (see, Exhibit B, representative U.S. Copyright Registrations TX 9-246-277 and VA 2-425-155).

20.     Plaintiff also owns U.S. Copyright Registrations for the Asserted Work "The Forgotten Home Apothecary" and its contents (see, Exhibit C, representative U.S. Copyright

6

Registrations TXu002445163 and TXu002446715).

21. Plaintiff's Works have been extensively marketed, distributed, and sold in the United States, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable rights in the contents, title, design, and associated trade dress.

22. On or about August 2025, Plaintiff discovered unauthorized versions of Plaintiff's Works being published and advertised for sale by Defendants on Amazon listings and storefront, with the following representative example ("Offending Use").



The Offending Use appears identical to the Plaintiff's Work, with notable, insignificant yet telling differences (employed by the Defendants to avoid detection, but appear to be a genuine Plaintiff's Work):



| Offending Use | Genuine Plaintiff's Work |
|---|---|
| THE HOLISTIC GUIDE TO HEALTH AND WELLNESS | THE HOLISTIC GUIDE TO WELLNESS |
| Herbal Treatments for Common Afflictions | Herbal Protocols for Common Ailments |

23. Through a test purchase, Plaintiff confirmed the Offending Use not only mimics Plaintiff's Works exterior/trademark/dress/copyright, but also includes copying of the layout, text, and artwork in Plaintiff's book, creating a false impression of affiliation, origin, and connection with the Plaintiff and its goodwill. The advertising, posting, and sale related to the Offending Use is not authorized and constitute violations of Global Brother SRL's intellectual property rights.

24. Defendants' Amazon storefront further advertises and displays another book, "Ancestral Home Apothecary." Through a test purchase, Plaintiff discovered that the contents of this work copied Plaintiff's Work "The Forgotten Home Apothecary":

8



       25.      To safeguard its intellectual property rights and mitigate damages and consumer confusion, Plaintiff filed Digital Millennium Copyright Act (DMCA) takedown notices with Amazon notifying of its rights and seeking to cause, and did cause, the infringing listings to be suspended and/or removed.

       26.      On or about the same time, Plaintiff discovered that Defendants filed two trademark applications to register the titles and/or covers of the above infringing materials as follows (Exhibit D, USPTO abstracts):

| Mark | No | Goods | Filed |
|---|---|---|---|
| The Holistic Guide To Health And Wellness — Herbal Treatments for Common Afflictions | 99336888 | series of printed books… in the field of health and wellness; Printed resource books in the field of health and wellness | Aug 14, 2025 |
| Ancestral Home Apothecary : A World of Forgotten Powerful Remedies | 99428262 | series of printed books… in the field of health and wellness; Printed resource books in the field of health and wellness | Oct 5, 2025 |

27. Having contacted the attorney of record for US Serial No. 99336888, Plaintiff discovered that the listed attorney did not file the application, as in response to Plaintiff's inquiry the attorney responded,

> This has been filed (along with hundreds of others) fraudulently under my name. I have an ongoing investigation with the USPTO. Any correspondence with melissa@legal-patron.com is NOT from me.

28. On October 8, 2025, without undertaking any meaningful investigation, Defendants filed Counter-Notice, Complaint ID 18576554941 in response to Plaintiff's takedown at Amazon of the Offending HOLLISTIC GUIDE TO WELLNESS, Defendants advertised at https://www.amazon.com/Holistic-Guide-Health-Wellness-Afflictions/dp/B0FBWVQ92N. Subject to the Counter-Notice, Defendants *under penalty of*

10

*perjury under the laws of the United States*, stated the takedown was as a result of "mistake or misidentification" (see, Exhibit E, Defendant' DMCA Counter-Notice). Under the Amazon policy implementing the DMCA, the Offending Use may be reinstated within 10 business days from filing the Counter- Notice, unless Plaintiff files a federal lawsuit.

29. Plaintiff hereby seeks to enforce its statutory rights, prevent ongoing and future harm, and receive associated damages. Defendants' conduct constitutes willful and ongoing infringement of Plaintiff's intellectual property rights. These acts create actual and likely confusion in the marketplace, divert sales from Plaintiff's legitimate channels, and cause harm to Plaintiff's reputation and goodwill. Unless enjoined, Defendants' unauthorized activities will continue to mislead consumers, erode public trust in Plaintiff's brand, and result in further financial and reputational injury.

## CLAIMS FOR RELIEF

### COUNT I
### Copyright Infringement (17 U.S.C. § 501)

30. Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the Asserted Works, including without limitation: HOLISTIC GUIDE TO WELLNESS, SELF SUFFICIENT BACKYARD, and FORGOTTEN HOME APOTHECARY, which confer upon Plaintiff the exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works from, distribute, and publicly display the copyrighted work.

31. Defendants, without authorization or consent, have willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously since at least August 2025 to present. The acts of infringement occurred after the Plaintiff obtained its copyright registration(s).

32. Defendants possess no lawful copies of the asserted work(s). Nevertheless, they

continued to advertise and offer Plaintiff's Works for sale while displaying images and descriptions of Plaintiff's copyrighted work, thereby engaging in unauthorized public display and distribution under 17 U.S.C. § 106. Such conduct is outside the scope of the "first sale" doctrine, which presupposes lawful possession of an authorized copy at the time of resale.

33. Defendants' actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff also seeks recovery of its attorneys' fees, costs, and expenses incurred in prosecuting this action.

34. As a direct and proximate result of the Defendants' infringing acts, the Plaintiff has suffered—and will continue to suffer—irreparable harm and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff.

35. Pursuant to 17 U.S.C. §§ 502–503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, reproducing, and making infringing copies, and ordering all unauthorized copies and associated materials to be destroyed, forfeited, or otherwise removed from commerce.

## COUNT II
### Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a))

36. Plaintiff owns enforceable common law trademarks and trade dress rights in and to the non-functional, unique designs of its book, cover, and title THE HOLISTIC GUIDE TO WELLNESS (the trade dress and title marks collectively referred to as "**Plaintiff's Trademarks**").

37. Plaintiff's Trademarks have been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by the Defendants.

38. Plaintiff's Trademarks are inherently distinctive and/or have acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. commerce. Consumers have come to associate the unique titles, distinctive design elements, and overall appearance of Plaintiff's works exclusively with Plaintiff as the source.

39. Defendants' foregoing acts constitute unauthorized use of Plaintiff's trade dress, trademark, title, and overall design, which constitutes false and misleading representations of fact that are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval of Defendants' goods, and constitutes unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

40. As a direct and proximate result of the foregoing acts, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial, and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendants' unfair competition.

41. Plaintiff seeks damages including Defendants' profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition. Because Defendants' acts were willful, deliberate, and in bad faith, this is an exceptional case entitling Plaintiff to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT III
### Misrepresentation, Counter-Notice (17 U.S.C. § 512(f))

42. Defendants knowingly and materially misrepresented their rights to distribute and display the books in the Counter-Notices subject to Complaint 18576554941. These misrepresentations included claims of lawful authority to offer the work for sale, despite Defendants' lack of any lawful copy.

43. Defendants' assertions in the Counter-Notice constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge that the claims were false, or with reckless disregard for their falsity, and with the intent and foreseeable result of causing the reinstatement of the infringing listing.

44. As a direct and proximate result of Defendants' misrepresentations, Plaintiff suffered and will continue to suffer damage, including but not limited to costs, attorneys' fees, and the diversion of resources necessary to address Defendants' unlawful conduct. Such harm includes, without limitation, the need to file and prosecute this lawsuit, the prolongation of consumer confusion, the continued diversion of potential customers, and the erosion of Plaintiff's goodwill.

## COUNT V
## Unjust Enrichment

45. Defendants have unlawfully benefited from the unauthorized use of Plaintiff's intellectual property, deriving substantial and unjust revenue and goodwill at Plaintiff's expense.

46. Defendants used Plaintiff's well-known title, cover, and content as a lure to attract visitors to Defendants' storefront on Amazon, thereby increasing consumer traffic, enhancing search visibility, and generating sales—including sales of infringing and/or unrelated products.

47. Defendants profited from increased site traffic, cross-selling opportunities, and the acquisition of valuable consumer data obtained through these transactions.

48. Defendants used Plaintiff's distinctive book title, trade dress, and associated goodwill to market and sell unauthorized, counterfeit copies, and/or knockoffs of Plaintiff's Works.

49. Defendants willfully, knowingly, and with wanton disregard replicated Plaintiff's unique books' layout, patterns, design, contents, and color scheme, to deceive consumers into

purchasing the Defendants' books instead under the impression that they are genuine Global Brother works.

50. By capitalizing on Plaintiff's intellectual property and goodwill, Defendants unjustly obtained significant financial benefits, including but not limited to: (a) revenue generated from the sale of counterfeit books; (b) cost savings by avoiding investment in original design, marketing, and branding efforts; and (c) consumer trust, market recognition, and brand association built upon Plaintiff's established reputation.

51. Plaintiff never authorized Defendants to use its intellectual property or to benefit from its reputation and goodwill. Such unauthorized use constitutes wrongful conduct for which equity demands restitution.

52. Defendants knew or should have known that their actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Defendants acted willfully and deliberately to exploit Plaintiff's intellectual property for financial gain, with full knowledge they had no right to do so.

53. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered significant harm, including (a) loss of revenue and market share due to diverted sales; (b) reputational harm caused by consumer confusion and association with counterfeit goods; and (c) diminished goodwill in the marketplace. Equity and good conscience require that Defendants disgorge all profits and other financial benefits unjustly obtained through their wrongful conduct.

54. Plaintiff is entitled to restitution of all ill-gotten gains and any other equitable relief deemed just by this Court. Equity and good conscience dictate that Defendants should not be permitted to retain such benefits, and Plaintiff seeks disgorgement of all profits, along with any

other relief necessary to prevent further unjust enrichment.

## COUNT VI
## Tortious Interference with Business Relationships

55. Plaintiff has established ongoing business relationships with its customers, distributors, and online retailers where Plaintiff's book(s) are sold. These relationships are built on trust, reputation, and consistent delivery of authentic, high-quality products.

56. Defendants, with knowledge of these relationships, intentionally and unjustifiably interfered by introducing counterfeit goods into the market, diverting sales and eroding consumer trust in Plaintiff's authentic product.

57. Defendants' acceptance of orders caused customers to lose interest in purchasing authentic copies from Plaintiff or its authorized sellers. Such conduct directly and foreseeably interfered with Plaintiff's business relationships by undermining consumer confidence, damaging brand loyalty, and reducing repeat purchases.

58. Defendants were aware, or should have been aware, of Plaintiff's business relationships and the goodwill associated with its intellectual property. This knowledge is evidenced by Defendants' deliberate replication of Plaintiff's title, trade dress, and book design, targeting and exploiting Plaintiff's customer base and online retail channels.

59. Defendants intentionally and unjustifiably interfered with Plaintiff's business relationships by engaging in the following actions: (a) advertising and selling counterfeit versions of Plaintiff's books, thereby diverting sales from Plaintiff's legitimate product; (b) creating consumer confusion by mimicking Plaintiff's trade dress and title, leading customers to believe they were purchasing Plaintiff's authentic product; and (c) filing a Counter-Notice(s) with intent to reinstate an infringing listing it was not otherwise entitled to reinstate, undermining Plaintiff's

ability to protect its intellectual property rights and maintain its business relationships.

60. Defendants' conduct was not privileged, justified, or excused. Rather, their actions were willful, malicious, and committed with the intent to profit at Plaintiff's expense by exploiting Plaintiff's established reputation, customer base, and contractual and prospective business relationships.

61. As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered significant harm, including but not limited to: (a) loss of sales and revenue due to diverted business opportunities; (b) damage to its reputation and goodwill, as consumers mistakenly associate the counterfeit goods with Plaintiff's brand; and (c) impairment of its business relationships with customers and online platforms such as Amazon, which rely on Plaintiff's ability to deliver authentic and trusted products.

62. Plaintiff seeks actual and compensatory damages for the financial and reputational harm caused by Defendants' interference. Plaintiff further seeks punitive and exemplary damages to deter Defendants and others from engaging in similar wrongful conduct, as well as any other equitable relief this Court deems just and proper.

## COUNT VII
### Violation of the Colorado Consumer Protection Act (C.R.S. § 6-1-105)

63. Defendants, in the course of their business, have knowingly engaged in deceptive trade practices in violation of the Colorado Consumer Protection Act ("**CCPA**"), C.R.S. § 6-1-105.

64. Specifically, Defendants:

    (a) knowingly made false representations as to the source, sponsorship, approval, or certification of goods, in violation of C.R.S. § 6-1-105(1)(b);

    (b) knowingly made false representations as to the affiliation, connection, or association with, or certification by, another, in violation of C.R.S. § 6-1-105(1)(c); and,

    (c) knowingly engaged in other deceptive practices that create a likelihood of confusion or misunderstanding regarding the origin and authenticity of goods, in violation of C.R.S. § 6-1-105(1)(u).

65. Defendants' actions were directed to the public at large through online sales, advertising, and promotion, thereby affecting the public interest in Colorado.

66. As a direct and proximate result of Defendants' deceptive trade practices, Plaintiff has suffered actual damages, including lost sales, reputational harm, and diminished goodwill.

67. Pursuant to C.R.S. § 6-1-113(2), Plaintiff is entitled to recover its actual damages or statutory damages, whichever is greater, together with costs and reasonable attorneys' fees.

68. Because Defendants' conduct was knowing, willful, and in bad faith, Plaintiff further seeks treble damages under C.R.S. § 6-1-113(2)(a)(III).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants jointly and severally as follows:

- Preliminary and permanent injunctive relief prohibiting Defendants from further copyright and trademark infringement, unfair competition, and deceptive practices;
- Statutory damages under the Lanham Act and Copyright Act, including attorney's fees,

costs, and expenses.

- Actual damages, including lost profits and compensation for reputational harm.

- Disgorgement of Defendants' profits from infringing activities.

- An order requiring the destruction or forfeiture of all infringing materials in Defendants' possession.

- Restitution for unjust enrichment, and for all ill-gotten gains and other equitable relief under Colorado law.

- Prejudgment and post-judgment interest on all monetary awards.

- Corrective advertising, at Defendants' expense, to remedy consumer confusion and restore Plaintiff's goodwill.

- An award of actual damages or statutory damages of not less than $500 per violation, pursuant to C.R.S. § 6-1-113(2);

- Treble damages for Defendants' knowing and willful violations, pursuant to applicable law;

- An award of costs and reasonable attorneys' fees as authorized by C.R.S. § 6-1-113(2)(b); and

- Such other and further relief as the Court deems just and proper under the Colorado Consumer Protection Act.

- Any additional relief the Court deems just and equitable.

Respectfully submitted this 21st day of October 2025.

CAMBRIDGE LAW LLC

/s/ *Douglas N. Marsh*
Douglas N. Marsh
4610 S. Ulster St. Suite 150
Denver, CO 80237
(303) 488-3338
doug@cambridgelaw.com

*Counsel for Plaintiff Global Brother SRLO*

20