IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03329-RMR-KAS

GLOBAL BROTHER SRL, a Romanian Societate cu Raspundere Limitata,

Plaintiff,

v.

QUILL & INK INC., a Colorado corporation,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Default Judgment Against Quill & Ink Inc.** [#21] and **Motion for Leave to Supplement Pending Motion for Default Judgment** [#29]. The Motions [#21, #29] have been referred to the undersigned. *See Orders Referring Motion* [#25, #30]. The Court has reviewed the Motions, the case file, and the applicable law. For the following reasons, the Court **RECOMMENDS** that the Motions [#21, #29] be **GRANTED**.

## I. Background

This lawsuit arises from purportedly unauthorized reproduction, distribution, advertising, use, and display of Plaintiff's protected works online. *Compl.* [#1] ¶ 1. Plaintiff states that it is a "worldwide publisher of popular books directed to health and wellness, self-reliance, and survival skills." *Id.* ¶ 2. It alleges that Defendant reproduced and distributed its works on Amazon, by among other things, "chang[ing] book covers to avoid detection while retaining identical or substantially identical content." *Id.* ¶ 3.

Plaintiff included the following diagram as an exemplar of the unauthorized use:

<table>
<tr><th>Offending Use</th><th>Genuine Plaintiff's Work</th></tr>
<tr><td>
</td><td>
</td></tr>
<tr><td>THE HOLISTIC GUIDE TO HEALTH AND WELLNESS</td><td>THE HOLISTIC GUIDE TO WELLNESS</td></tr>
<tr><td>Herbal Treatments for Common Afflictions</td><td>Herbal Protocols for Common Ailments</td></tr>
</table>

*Id.* ¶ 22. Plaintiff alleges that Defendant filed trademark applications for the unauthorized works by fraudulently impersonating an unwitting attorney. *Id.* ¶ 27. Meanwhile, Plaintiff filed takedown notices with Amazon, and Defendant, under penalty of perjury, filed counter-notices stating that Plaintiff's takedown notice was the result of "mistake or misidentification." *Id.* ¶¶ 25, 28.

Accordingly, on October 21, 2025, Plaintiff initiated this action against Quill & Ink and its owner, Pooja Sharma, asserting the following claims: (1) copyright infringement, 17 U.S.C. § 501; (2) unfair competition and false designation of origin, 15 U.S.C. § 1125(a); (3) misrepresentation in a counter-notice, 17 U.S.C. § 512(f); (4) unjust enrichment; (5) tortious interference with business relationships; and (6) violation of the

Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-105. *Id.* at 11-18. Plaintiff later voluntarily dismissed Defendant Sharma as a party to this lawsuit. *Notice of Voluntary Dismissal* [#20]. Plaintiff served Defendant Quill & Ink on November 25, 2025. *Summons Returned Executed* [#13]. Defendant did not appear or file a responsive pleading by the deadline, so Plaintiff moved for Clerk's Entry of Default. *Motion* [#14]; *Clerk's Note* [#15]; *Motion* [#16]. The Clerk of Court entered default against Defendant Quill & Ink on January 7, 2026. *Clerk's Entry of Default* [#17].

In the instant Motion [#21], Plaintiff moves for default judgment against Defendant Quill & Ink on only its first claim: copyright infringement pursuant to 17 U.S.C. § 501. *Motion* [#21] at 1. Plaintiff seeks statutory damages and a permanent injunction. *Id.* at 4-8. On August 25, 2026, Plaintiff moved for leave to supplement the Motion [#21] based on its subsequent discovery that Defendant continues to engage in the same unauthorized reproduction of the subject works on a different website called Booksharbour.com. *Plf.'s Ex. 1, DeFrancesco Decl.* [#29-1]. Finding good cause, the undersigned **recommends** that the Motion for Leave to Supplement [#29] be **granted** and that the Court consider the additional evidentiary materials supplied. *See Cent. Ill. Carpenters Health & Welfare Tr. Fund v. Becker Const. Contractors, Inc.*, No. 12-CV-1238, 2013 WL 5275722, at *2 (C.D. Ill. Sept. 18, 2013) (granting motion to supplement).

## II. Standard of Review

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the clerk enters default, Federal Rule of Civil Procedure 55(b)(2) permits a party to apply to the court for entry of default judgment against the party who has failed to plead or otherwise defend a lawsuit filed

against it. A trial court has discretion to enter default judgment; a party is not entitled to it as of right. *Purzel Video GmbH v. Martinez*, 13 F. Supp. 3d 1140, 1148-49 (D. Colo. 2014).

"[A] party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citation omitted). The plaintiff still must plead sufficient factual allegations to establish the defendant's liability, and "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (vacating district court's entry of default judgment because the pleadings were insufficient to support the judgment); *see also Topp v. Lone Tree Athletic Club, Inc.*, No. 13-cv-01645-WYD-KLM, 2014 WL 3509201, at *5-10 (D. Colo. July 15, 2014) (adopting recommendation to deny motion for default judgment where the plaintiff failed to "provide the necessary factual details to support" his Fair Labor Standards Act claim). Where a plaintiff's claims are barred or subject to dismissal, the district court may exercise its discretion to deny default judgment. *Bixler*, 596 F.3d at 762. The court may not enter default judgment where a complaint fails to satisfy the elements of the asserted claims or otherwise fails to state a cognizable claim, whether through well-pleaded allegations or supporting documents. *Day v. Career Bldg. Acad.*, No. 18-cv-00837-RM-KMT, 2021 WL 1723777, at *2 (D. Colo. Mar. 18, 2021). Additionally, courts "may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Niemi v. Lasshofer*, 770 F.3d 1331, 1352 (10th Cir. 2014) (quoting *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

In deciding whether a legitimate basis exists for entry of judgment against a defendant, as the defaulting party, the court must find that: (1) it has subject matter jurisdiction over the plaintiff's claims; (2) it can assert personal jurisdiction over the defendant; (3) the clerk properly entered default; (4) the plaintiff states a valid claim for relief; and (5) damages are ascertainable. *Postnet Int'l Franchise Corp. v. Jones*, No. 12-cv-03065-WYD, 2013 WL 5449855, at *1 (D. Colo. Sept. 30, 2013).

## III. Analysis

### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1331, which grants original jurisdiction to federal courts over all civil actions arising under the Constiution, laws, or treaties of the United States. This lawsuit arises under section 501 of the Copyright Act, 17 U.S.C. § 501. Federal courts have original and exclusive jurisdiction over claims arising under federal copyright and trademark law. 28 U.S.C. § 1338(a). Accordingly, the Court has subject matter jurisdiction over the copyright claims.

### B. Personal Jurisdiction

"[S]ervice of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992). "[D]istrict courts cannot obtain personal jurisdiction without proper service." *Doran Law Office v. Stonehouse Rentals, Inc.*, 678 F. App'x 733, 735 (10th Cir. 2017) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

A corporation, partnership, or association must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any

other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

On November 25, 2025, a process server served the Summons and Complaint on Jessica Grant of Registered Agents Inc., who Plaintiff avers is designated by law to accept service of process on behalf of Quill & Ink Inc. *Summons Returned Executed* [#13]; *Plf.'s Ex. A, Quill & Ink's Articles of Incorporation* [#1-1]; *Marsh Decl.* [#16-1] ¶ 3. This method of service complies with Rule 4. Plaintiff alleges that Defendant Quill & Ink is a Colorado corporation, registered and having a principal place of business at 2525 Arapahoe Avenue, Suite E4 #1079, Boulder, Colorado 80302. *Compl.* [#1] ¶ 12. Plaintiff's allegations are sufficient to satisfy the Court that it may exercise personal jurisdiction over Defendant Quill & Ink.

**C. Clerk's Entry of Default**

Plaintiff initiated this action on October 21, 2025, and served Defendant Quill & Ink on November 25, 2025. *Summons Returned Executed* [#13]. Defendant's deadline to file an answer or otherwise respond was December 16, 2025, three weeks after service. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Defendant did not appear or file a responsive pleading by the deadline. Accordingly, the Clerk of Court properly entered default on Plaintiff's motion on January 7, 2026. *Motion* [#14]; *Clerk's Note* [#15]; *Motion* [#16]; *Clerk's Entry of Default* [#17].

**D. Whether Plaintiff Has Stated a Valid Claim for Relief**

After an entry of default, the Court must decide "whether the unchallenged facts constitute a legitimate cause of action" such that a judgment should be entered. *Bixler*, 596 F.3d at 762 (quoting 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 2688, at 63 (3d ed.1998)). Accepting the well-

pleaded allegations in the complaint as true, the Court finds that the allegations support entry of default judgment against Defendant Quill & Ink.

The Copyright Act provides that an owner of a copyright has the “exclusive” right, as relevant here, to (1) reproduce the copyrighted works in copies, and (2) distribute copies of the copyrighted work to the public by sale. 17 U.S.C. § 106(1), (3). “Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright.” 17 U.S.C. § 501(a). To succeed on a copyright infringement action, two elements must be met. First, the plaintiff must have a valid copyright. *Fallen Prods., Inc. v. Bray*, No. 20-cv-3170-RMR-NRN, 2022 WL 22864396, at *4 (D. Colo. Mar. 28, 2022). Second, the defendant must have copied the plaintiff’s original work. *Id.* (citing *Feist Publ’ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Here, Plaintiff has established that it owns valid copyrights in “Holistic Guide to Wellness” and “The Forgotten Home Apothecary.” *Compl.* [#1] ¶¶ 19-20; *Plf.’s Ex. B, U.S. Copyright Registrations TX 9-246-277 and VA 2-425-155* [#1-2] at 3-7; *Plf.’s Ex. C, Registrations TXu 2-445-163 and TXu 2-446-715* [#1-3] at 2-5; *Plf.’s Ex. 1, DeFrancesco Decl.* [#21-1] at 1. On the second element, Plaintiff has alleged facts establishing that Defendant has copies and continues to copy and sell unauthorized versions of both works. *Compl.* [#1] ¶¶ 22-24; *DeFrancesco Decl.* [#21-1] at 2-4; *DeFrancesco Decl.* [#29-1] at 1-3.

**E. Damages**

A plaintiff who seeks default judgment must “establish that on the law it is entitled to the relief it requests, given the facts as established by the default.” *N. Star Sci. Sols., LLC v. Mich. Health Clinics*, No. 24-cv-00541-GPG-STV, 2025 WL 902427, at *4 (D. Colo. Feb. 25, 2025) (internal quotation and citation omitted), *report and recommendation*

*adopted*, 2025 WL 1251222 (D. Colo. Mar. 27, 2025). While a complaint's well-pleaded facts are accepted as true on a motion for default judgment, "allegations relating to the amount of damages are generally not accepted as true," unless those facts are set forth in affidavits and exhibits. *Id*. Here, Plaintiff seeks statutory damages and injunctive relief. In the copyright context, an award of statutory damages against a defaulting party is particularly appropriate because such damages are readily ascertainable. *See Your True Nature, Inc. v. JF Show Store*, No. 23-cv-00107-GPG-NRN, 2024 WL 3340974, at *7 (D. Colo. June 21, 2024), *report and recommendation adopted*, 2024 WL 5483408 (D. Colo. July 26, 2024).

**1. Statutory Damages**

Pursuant to the Copyright Act, a copyright infringer is liable for either the copyright owner's actual damages or for statutory damages. 17 U.S.C. § 504(a). A copyright owner who elects statutory damages may recover "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just." *Id.* § 504(c). Where the infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. *Id.* § 504(c)(2).

The wide range of statutory damages allowed by § 504(c)(1) "reflects Congress's intent to equip district courts with discretion to award an amount that advances justice." *Fallen Prods.*, 2022 WL 22864396, at *5; *see also Songmaker v. Forward of Kansas, Inc.*, No. 90-4156-SAC, 1993 WL 484210, at *4 (D. Kan. Sept. 13, 1993). Courts should craft

an award that puts an infringing party on notice that it "costs less to obey the Copyright Act than to violate it." *Fallen Prods.*, 2022 WL 22864396, at *5 (quoting *Int'l Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 383 (7th Cir. 1988)). "In determining an award for statutory damages, courts look to factors 'from the degree of willfulness or inadvertence by the infringer to the deterrent purposes of the Copyright Act and the typical license fees charged for the use of the work.'" *Your True Nature*, 2024 WL 3340974, at *7. Courts in this District often "award damages in an amount of two or three times the amount of a licensing fee[.]" *Nintendo of Am., Inc v. Keighin*, No. 24-cv-03101-GPG-STV, 2025 WL 4665680, at *9 (D. Colo. Oct. 3, 2025), *report and recommendation adopted,* 2025 WL 4665686 (D. Colo. Oct. 29, 2025). Further, a court must exercise caution before "rubber stamp[ing]" maximum statutory damages in the name of deterrence. *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1140 (D. Colo. 2020).

Here, although Plaintiff asserts that Defendant's conduct was willful, Plaintiff seeks the maximum statutory violation for a non-willful infringement: $30,000 per work (amounting to a total award of $60,000). *Motion* [#21] at 4-5. Plaintiff asserts that the following well-pleaded allegations support willfulness:

- "Defendants changed book covers to avoid detection while retaining identical or substantially identical content, constituting willful copying and substantial taking." *Compl.* [#1] ¶ 3.
- "Defendants filed two trademark applications to register the titles and/or covers of the above infringing materials." *Id.* ¶ 26.

- The attorney of record associated with the applications stated that she did not file the applications and that they, "along with hundreds of others," were filed fraudulently under her name. *Id.* ¶ 27.
- "Defendants filed Counter-Notice, Complaint ID 18576554941 in response to Plaintiff's takedown at Amazon of the Offending HOLLISTIC GUIDE TO WELLNESS[.]" *Id.* ¶ 28.
- "Subject to the Counter-Notice, Defendants *under penalty of perjury under the laws of the United States*, stated the takedown was as a result of "mistake or misidentification[.]" *Id.* ¶ 28.
- After Plaintiff submitted copyright complaints to Amazon, Defendant began to sell the unauthorized reproductions on another website. *Plf.'s Ex. 1, DeFrancesco Decl.* [#29-1] at 1-3.

The Court finds that these averments more than demonstrate Defendant's willfulness.

True, the Court must consider the lack of allegations concerning Plaintiff's typical licensing fees and Defendant's profits from the infringing use. *Ramales Photography LLC v. Vail En Espanol, Inc.*, No. 25-cv-00934-DDD-CYC, 2026 WL 2434956, at *4 (D. Colo. June 26, 2026) (finding a statutory award of $15,000 appropriate where there was some evidence of willfulness but where no evidence concerning licensing fee was provided); *Martinka v. WooWho Network, Inc.*, No. 25-cv-01078-GPG-SBP, 2026 WL 950476, at *8 (D. Colo. Mar. 2, 2026) (same), *report and recommendation adopted*, 2026 WL 951684 (D. Colo. Mar. 18, 2026). However, at least as to profits, Defendant's failure to participate in this lawsuit foreclosed Plaintiff's ability to develop such evidence.

The Court finds that Defendant's demonstrated degree of culpability must be met with a commensurate consequence. *See Your True Nature*, 2024 WL 3340974, at *3 (awarding the full measure of requested damages ($150,000) for the willful, repeated, and widespread distribution and sale of counterfeit works on multiple e-commence websites); *Nintendo*, 2025 WL 4665680, at *11 (awarding the full measure of requested damages ($10,000) where the defendant pursued alternative methods to continue infringing the plaintiff's copyrights and where he emailed the plaintiff saying he has "a thousand burner channels" and "can do this all day"); *Duffy Archive Ltd. v. Montage Salon Corp.*, No. 23-cv-02019-PAB-MDB, 2025 WL 661614, at *6 (D. Colo. Feb. 28, 2025) (finding a statutory award of $22,500 appropriate where the conduct was willful and where that amount represented three times the amount of license fees that the plaintiff would have earned); *Deseret Book Co. v. Nanjing Lian Yidu Trading Co.*, No. 2:24-CV-00961-JNP-JCB, 2026 WL 735099, at *4 (D. Utah Mar. 16, 2026) (awarding statutory damages of $5,000 per work, for a total of $330,000, where amount of infringing sales totaled only $4,099.72 but where willful conduct was "brazen," as demonstrated by the filing of counter-notices on Amazon).

Accordingly, the undersigned **recommends** that statutory damages be awarded in the amount of $30,000 per work, for a total of $60,000.

**2. Injunctive Relief**

Federal courts may grant permanent injunctive relief pursuant to the Copyright Act. 17 U.S.C. § 502(a). As with any request for injunctive relief, Plaintiff must demonstrate "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing

party; and (4) the injunction, if issued, will not adversely affect the public interest." *United States v. Uintah Valley Shoshone Tribe*, 946 F.3d 1216, 1222 (10th Cir. 2020).

For reasons discussed in section III(D), above, the Court finds that Plaintiff has demonstrated actual success on the merits. Further, Plaintiff has established irreparable harm because "the infringing conduct threatens the royalties that Plaintiff receives from its distribution agreements and interferes with its control over its copyright." *Fallen Prods.*, 2022 WL 22864396, at *6; *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1288 (10th Cir. 1996) ("Because the financial impact of copyright infringement is hard to measure and often involves intangible qualities such as customer goodwill, we join the overwhelming majority of our sister circuits and recognize a presumption of injury at the preliminary injunction stage once a copyright infringement plaintiff has demonstrated a likelihood of success on the merits."). Prohibiting Defendant Quill & Ink from engaging in unauthorized reproduction and use imposes minimal hardship on it and serves the public interest. *See Duffy Archive*, 2025 WL 661614, at *9.

For these reasons, the undersigned **recommends** that Plaintiff be awarded injunctive relief, that Defendant Quill & Ink be permanently enjoined from infringing Plaintiff's copyrights, and that it be ordered to destroy all materials in its possession that reproduce, embody, or are used to produce infringing copies of Plaintiff's works. *See* 17 U.S.C. § 503(b).

**2. Attorney Fees**

Plaintiff's counsel does not include in the Motion [#21] a request for attorney fees supported by the requisite documentation. Instead, Plaintiff seeks leave to file a motion for attorney fees. *Motion* [#21] at 8. In the interest of judicial economy, the Court **recommends** that Plaintiff be granted leave to file a separate motion for attorney fees

that complies with Local Rule 54.3. *See Gomez v. Timberline Custom Builders, LLC*, No. 23-cv-01510-RMR, 2025 WL 2613741, at *8 (D. Colo. Sept. 10, 2025); *Point Zero 0, Inc. v. Tyson*, No. 24-cv-00095-RMR-MDB, 2024 WL 5378122, at *1 (D. Colo. Nov. 27, 2024).

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motions [#21, #29] be **GRANTED**.

It IS FURTHER **RECOMMENDED** that Plaintiff be awarded $60,000 in statutory damages pursuant to 17 U.S.C. § 504(c)(1), plus post-judgment interest at the rate provided by 28 U.S.C. § 1961.

IT IS FURTHER **RECOMMENDED** that Plaintiff be awarded injunctive relief, that Defendant Quill & Ink be permanently enjoined from infringing Plaintiff's copyrights, and that it be ordered to destroy all materials in its possession that reproduce, embody, or are used to produce infringing copies of Plaintiff's works.

IT IS FURTHER **RECOMMENDED** that Plaintiff be granted leave to file a motion for attorney fees.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Federal Rule of Civil Procedure 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the

district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 29, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge